UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Maurice Hughes, ) | |
| ) | C/A No. 08-cv-3516-GRA |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| Annie Sellers, Angela Hardin, and ) | |
| Cecilia Reynolds, Warden, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the Court to review the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., filed on January 26, 2009. Plaintiff originally filed a complaint in state court that this court construed as being pursuant to 42 U.S.C. § 1983. The magistrate now recommends that this Court dismiss the plaintiff's complaint for lack of prosecution. For the reasons stated herein, this Court adopts the magistrate's recommendation.

### Procedural History

On September 9, 2008, the plaintiff filed the instant suit for violations of various constitutional rights. On October 16, 2008, the defendants removed the action to the Court. The defendants filed a motion to dismiss on October 22, 2008. On October 28, 2008, the magistrate issued an order pursuant to *Rosboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising the plaintiff about the summary judgment procedure and consequences if he failed to respond. Plaintiff did not respond. On

December 19, 2008, the magistrate issued an order directing the plaintiff to notify the court if he desired to continue to prosecute this suit. Plaintiff did not respond. Therefore, the magistrate recommends dismissing this suit pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with orders of the Court.

## **Standard of Review**

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is

not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Plaintiff did not file any objections.

## Conclusion

After a review of the magistrate's Report and Recommendation, applicable case law, and the record, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the Report and Recommendation in its entirety.

IT IS THEREFORE SO ORDERED THAT the plaintiff's complaint be dismissed with prejudice for failure to prosecute.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

February  25 , 2009
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**